UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LLOYD RIDDLE,                                 Case No. 5:04-CV-181

       Petitioner,                            Hon. Richard Alan Enslen

v.

PATRICIA CARUSO,

                                                      **JUDGMENT**

       Respondent.
_____/

       This matter is before the Court on Petitioner Lloyd Riddle's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 3, 2008, which recommended dismissal of Petitioner's habeas corpus petition. The Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). For the reasons set forth below and in the Report, the Court finds Petitioner's Objections to be without merit.

       Habeas relief, since 1996, has been limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.,* which provisions are applicable to this case. AEDPA provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As reflected in the statutory language, there are three avenues for habeas relief: (1) for decisions "contrary" to federal law; (2) for an "unreasonable application" of federal law; and (3) for an "unreasonable determination of the facts." *Id.* Under the caselaw of the United States Supreme Court and the Sixth Circuit Court of Appeals, a state court decision is "contrary to" federal law only when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000); *see also Biros v. Bagley*, 422 F.3d 379, 386 (6th Cir. 2005) (following *Williams*). A state court decision is an "unreasonable application" of federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.

Factual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Biros*, 422 F.3d at 386; *Bugh v. Mitchell,* 329 F.3d 496, 500 (6th Cir. 2003). If a state court has failed to review a particular claim, AEDPA's deferential standard does not apply so courts must conduct a *de novo* review. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

Petitioner was convicted by a jury of first-degree murder, conspiracy to commit first-degree murder, and possession of a firearm during the commission of a felony. He was thereafter sentenced to life in prison without the possibility of parole. The evidence presented at trial establishes that Petitioner entered into a conspiracy with Donna Koetje and Jay Dolfin to murder Gerald Koetje and that Petitioner thereafter murdered Gerald Koetje by shooting him in the head at point-blank range. Petitioner objects to issues involving the sufficiency of the evidence, pretrial publicity, the

Confrontation Clause, search and seizure, and his trial counsel's purported ineffective assistance of counsel. The Magistrate Judge did an extremely thorough job in her 82-page Report analyzing Petitioner's claims and concluding that they are all wholly without merit. Upon review of the Objections, the Court concludes that they are all adequately addressed in the Report.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000), and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Upon review, the Court finds that reasonable jurists would not find Petitioner's positions debatable as to the claims asserted for the reasons given in the Report.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Lloyd Riddle's Objections (Dkt. No. 61) are **DENIED**, the Report and Recommendation (Dkt. No. 60) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all grounds asserted.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 23, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |